SO ORDERED.

Dated: August 4, 2021

Daniel P. Collins, Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF ARIZONA

In re:

**HELENA PEREZ REILLY,**

Debtor.

Chapter 13 Proceedings

Case No.: 3:18-bk-05319-DPC

**UNDER ADVISEMENT ORDER REGARDING CHAPTER 13 PLAN CONFIRMATION**

**[NOT FOR PUBLICATION]**

Before this Court is the Fourth Amended Chapter 13 Plan ("Plan")[1] filed by Helena Perez Reilly ("Debtor") and the lone objection,[2] filed by her brother, creditor Paul Perez ("Perez"). Debtor responded to the objection.[3] The chapter 13 Trustee, Edward J. Maney ("Trustee") filed his evaluation[4] of the Plan and Debtor responded to that evaluation.[5]

In Flagstaff, on July 22, 2021, the Court heard oral argument by the parties and conducted a trial on confirmation of the Plan as well as Perez's Motion to Dismiss ("Motion to Dismiss")[6] this case. The Court now denies confirmation of the Plan because Debtor's corrected Schedule J fails to fully account for her actual expenses. Her Plan payments are not feasible as her schedules and Plan are presently structured. The Court also denies Perez's Motion to Dismiss. Among other things, this Court does not find Debtor's bankruptcy case to have been filed in bad faith nor does the Court find Debtor is incapable of confirming a chapter 13 plan. However, Debtor must have a plan confirmed

---

[1] DE 403, filed June 7, 2021. DE means docket entry in the Debtor's administrative bankruptcy case no. 3:18-bk-05319-DPC.
[2] DE 407.
[3] DE 411.
[4] DE 412.
[5] DE 413.
[6] DE 182.

by October 31, 2021, or this Court will entertain a form of order dismissing this case on or after November 1, 2021.

## I. JURISDICTION

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(L) and 11 U.S.C. §§ 1301 et seq.

## II. BACKGROUND[7]

Debtor filed litigation against her brother in 2016 in the Arizona Superior Court, Maricopa County ("State Court") at Case No. CV-2016-054905 ("State Court Lawsuit"). That State Court Lawsuit resulted in a March 28, 2018, jury verdict in favor of Perez for $5,000 plus a jury fee assessment in favor of Maricopa County for $628.56.[8] The State Court's minute entry reflecting Perez's trial victory over Debtor noted that any application for attorney's fees or costs to be filed by Perez needed to be filed within 20 days. Perez's fee application and state of costs were filed on April 12, 2018, together with a form of Judgment. Before the State Court could enter an award of fees, costs or the form of Judgment, Debtor filed her chapter 7 bankruptcy petition.

Debtor filed her voluntary chapter 7 petition[9] on May 11, 2018 ("Petition Date"). Debtor had earlier filed a chapter 7 bankruptcy on July 15, 2011, in this District at Case No. 3:11-bk-20421-RJH, receiving her discharge on April 9, 2012. When the chapter 7 Trustee, Lawrence J. Warfield ("Warfield") in this 2018 case revealed to the Debtor that she was not qualified to receive another bankruptcy discharge in her 2018 case, Debtor filed a motion to maintain her chapter 7 case. Warfield opposed Debtor's motion and hired attorney Terry A. Dake. At a hearing on August 11, 2018, the Court agreed with Warfield and ordered that it would dismiss Debtor' chapter 7 bankruptcy case if she did not file a motion to convert to chapter 13 within 14 days. Once Debtor understood that

---

[7] This Order constitutes the Court's Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.
[8] See Perez's Claim 2-1.
[9] DE 1.

her 2018 chapter 7 was in jeopardy, she moved to convert her chapter 7 case to chapter 13.[10] Over Perez's objection,[11] the Court approved the conversion of Debtor's chapter 7 to a chapter 13.[12]

Debtor filed her first chapter 13 plan[13] on November 2, 2018. Perez objected[14] as did Wells Fargo.[15] Wells Fargo holds the lien on Debtor's residence located at 3437 S. Litzler, Flagstaff, AZ (the "Home").

Fairly early into Debtor's chapter 7 case, Perez filed a motion for stay relief[16] seeking to return to the State Court to conclude the State Court Lawsuit. Over Debtor's objection[17] this Court granted Perez the requested stay relief[18] but only after Debtor removed the State Court Lawsuit to this Court[19] and this Court remanded the State Court Lawsuit back to the State Court.[20] The State Court eventually entered Judgment in favor of Perez in the amount of $5,000 plus attorney's fees of $59,117.50 and costs of $2,633.72. Debtor promptly appealed. The Arizona Court of Appeals Division 1 affirmed all but a portion of the award of fees and costs in favor of Perez. The Court of Appeals remanded the matter of fees and costs back to the State Court for further proceedings. Eventually, the State Court reduced Perez's fee award. Naturally, Debtor appealed that decision. At present, Perez holds a final judgment in his favor and against Debtor for $5,000. He also holds a non-final judgment for fees and costs. Although Perez filed his claim in this bankruptcy case in the amount of $66,751.22 on November 28, 2018, that claim has not yet been amended to reflect the State Court's recent fee and cost award reduction. Debtor

---

[10] DE 31, filed August 17, 2018.
[11] DE 39.
[12] DE 54 dated October 22, 2018.
[13] DE 65.
[14] DE 77.
[15] DE 75.
[16] DE 40.
[17] DE 47.
[18] DE 76.
[19] See 3:18-ap-00438-DPC.
[20] See DE 16 in the remand adversary proceeding.

long ago objected to Perez's claim.[21] The magnitude of Perez's claim against Debtor has not yet been resolved by this Court.

Anyhow, back to the matter at hand, namely whether Debtor's Plan should be confirmed or her case dismissed. Since Debtor's first chapter 13 plan was going nowhere, the Debtor filed an amended plan on January 24, 2019.[22] Wells Fargo, Perez and the Trustee objected.[23] Debtor filed a third plan on February 18, 2020.[24] The Trustee and Perez objected.[25] The Court eventually set a virtual trial on this third plan for July 19, 2020, but Perez's then counsel, Charles Firestein, requested a continuance[26] because he was not equipped to conduct the COVID-19 era trial via a virtual platform. The July 19, 2020 trial was continued to September 28, 2020.[27] The September 28, 2020 trial was later indefinitely vacated because the parties failed to file a joint pretrial statement.[28] After wrangling over the required joint pretrial statement, Mr. Firestein eventually filed a joint pretrial statement on July 30, 2020.[29]

In an effort to get this case back on track, the Court set a January 28, 2021 status hearing. Mr. Firestein, noting his imminent retirement, moved to withdraw as Perez's counsel.[30] At the January 28, 2021 status hearing, the Court approved Mr. Firestein's withdrawal over Perez's objection. The Court also set a deadline for dispositive motions. A motion for summary judgment was filed by Perez[31] and a cross-motion for summary judgment by Debtor.[32] These summary judgment motions were argued and denied on May 13, 2021, at which time Debtor was ordered to file an amended chapter 13 plan.[33]

---

[21] DE 85.
[22] DE 118.
[23] DE's 134, 135 and 141.
[24] DE 184.
[25] DE's 207 and 212.
[26] DE 321.
[27] DE 332.
[28] DE 341.
[29] DE 352.
[30] DE 355.
[31] DE 366.
[32] DE 374.
[33] DE 397.

Debtor filed her fourth amended plan (again, the "Plan") on May 28, 2021,[34] but not before Perez filed his Motion to Dismiss this bankruptcy case.[35]

After over three long years of litigation in this bankruptcy case, the Court held a trial on July 22, 2021, on confirmation of Debtor's Plan and on Perez's Motion to Dismiss this bankruptcy case.

<u>Perez's Motion to Dismiss</u>

Perez's Motion to Dismiss contends that Debtor filed her bankruptcy in bad faith, that she did not timely file her chapter 13 plans, that there has been unreasonable delays by the Debtor in prosecuting her chapter 13 and that creditors have been prejudiced. Perez argues Debtor filed this case hot on the heals of Perez's victory in the State Court so she could appeal that decision without posting a supersedes bond and to avoid paying him amounts found due to him in the State Court Lawsuit. Perez points to the fact that Debtor was current with all her creditors at the Petition Date. He suggests that the Debtor initially filing a chapter 7 evidences her bad faith because she was ineligible to receive a discharge in a chapter 7. Perez further claims this bankruptcy involves a two party dispute and should be dismissed.

For her part, Debtor claims she filed her bankruptcy in good faith, that she has not missed a plan payment or Home mortgage payment throughout this case, that she is paying all her disposable income into the bankruptcy, the bankruptcy had to be filed because she could not pay Perez's claims (if any) and would lose her home if her rental income was seized by Perez. She indicates (and Perez does not dispute) that she falls within the Bankruptcy Code's § 109(e) debt limits.

### III. ANALYSIS

The Court finds that Debtor did indeed file her bankruptcy because of her loss to her brother in the State Court Lawsuit. She was timely servicing her debts until she lost

---

[34] DE's 400 and 403.
[35] DE 379.

her fight with Perez. Debtor also intended to appeal the State Court's Judgment and could not afford to post a bond to stay Perez's collection efforts. When Debtor initially filed her bankruptcy as a chapter 7 she was looking to discharge Perez's claims but not just his claims. She also owed Capital One on two credit card debts totaling $10,466.87.[36]

Perez notes that Capital One did not file timely proofs of claims in this case despite the TransUnion and Equifax credit reports showing Capital One knew of Debtor's bankruptcy.[37] The Court finds that, on the Petition Date, Debtor owed thousands of dollars to Capital One and that Debtor's bankruptcy was filed, in some measure, to deal with those obligations.

On the Petition Date, Debtor owed $14,700 on her student loans. The U.S. Department of Education filed a timely proof of claim on October 25, 2018, in the amount of $14,700 at Claim No. 1. While Debtor's student loan debt may be non-dischargeable under § 523(a)(8), the Court finds that, to some degree, Debtor's bankruptcy was filed to manage that debt, at least until she discharged her other unsecured debt.

Although Debtor's bankruptcy is primarily about her desire to discharge Perez's claims, this case is not just a two-party dispute. The cases cited by Perez involving dismissal of bankruptcy cases involving two party disputes are inapplicable to the case at bar, especially those cases where the debtor was solvent.[38] Here, even Perez acknowledges Debtor is insolvent.

As to the claimed delays in this case and the alleged prejudice to creditors, the Court will state the obvious in noting that this case was converted to chapter 13 on October 22, 2018, and nearly three years later Debtor does not have a confirmed plan. However, not all delays in these chapter 13 proceedings can be laid at the Debtor's feet. Yes, this pro se Debtor has filed numerous defective plans and, yes, she has failed to understand all procedural and legal nuances in pursuing her various plans. Nearly 20% of the individuals

---

[36] See DE 18, Debtor's Bankruptcy Schedule F at page 21 of 49.
[37] Perez also notes the credit reports show $0 balances on Debtor's Capital One accounts. Of course, the reports are dated April 27, 2020, nearly two years after the Petition Date. The fact that Capital One apparently charged off it claims against Debtor does not mean Capital One has no claims against her.
[38] See the cases cited by Perez as "*In re Malivai*, 2013 WL 3936381 (Bankr. D. Hawaii July 30, 2013) and *In re Safakish*, 'Case #18-50769 MEH …' (Bankr. N.D. Cal. 2018)."

who file bankruptcy in this District do so without a lawyer. Many of those cases are chapter 13 proceedings. A great many of those chapter 13 cases fail due to payment defaults, failure to file documents, failure to produce required documents and a whole host of other failures. While Debtor has also made her fair share of mistakes in this case, she has timely made her plan payments and Home mortgage payments and has diligently responded to most every pleading, order and informational request. The Court has been impressed with her ability to somewhat coherently explain her positions in writing and at oral argument.

Importantly, not all delays in this case have been caused by Debtor's missteps. The COVID-19 pandemic prevented this Court from conducting an in-person trial in Flagstaff until July 2021. When the Court was prepared to conduct a trial on a virtual platform, Perez's former lawyer was unprepared and ill-equipped to do so. The trial needed to be continued for several months. Then Perez's lawyer moved to withdraw. Again, many months elapsed. Perez's current lawyer quickly came up to speed, but that transition nevertheless caused a bit of a delay.

This Court is disappointed that this case has lingered so long and that all allowed claims have not been receiving payments from a confirmed plan but, all matters considered, the Court does not find the delays in this case to be unreasonable or fully attributable to Debtor nor does the Court find that creditors have been unduly prejudiced.

Perez's Motion to Dismiss is denied.

Confirmation of Debtor's Plan

Debtor's Plan calls for payment of 100% of her disposable income to the Trustee for five years. Her sources of income and receipts include her monthly social security check ($589/month), income from renting five rooms in her Home ($3,050/month), and the expenses paid by her son who also lives in the Home. Perez does not challenge the amounts Debtor claims to receive from her tenants or from social security but does contend that the contributions she receives from her son cannot be the basis supporting the Bankruptcy Code's requirement that a debtor's plan be from regular sources of

income. Debtor's Amended Schedule I[39] reflects receipt of $400/month from her son in addition to her social security income and rental income for an aggregate income totaling $4,039/month. Debtor's Amended Schedule J[40] reflects expenses totaling $3,768.65 leaving $270.35 of disposable income, all of which is committed to her Plan. However, Schedule J reflects $0 paid for food and housekeeping supplies, $0 for personal care products and services, and $0 for home maintenance repair and upkeep expenses. These amounts are obviously incorrect but Debtor testified that all these expenses are paid by her son in consideration for his living in Debtor's Home. She further testified that if her son stopped paying these expenses, he would need to leave so she could obtain a paying tenant. Her son's coverage of these expenses is not a gift to his mother but a rental payment necessarily made if he wishes to continue residing at the Home. Debtor testified that her food and household expenses total $100/month, and her transportation expenses total $5/month and her personal care products and services expenses also total $5/month. If Debtor properly completed her Amended Schedule J, her total expenses would be $3,878.65, a sum of $110/month short of her Plan payment of $270.35/month.[41] Debtor's Plan cannot be confirmed as it is not feasible to pay $270.35/month towards her Plan where the Debtor has disposable income of only $160.35.

The Court recognizes the Debtor essentially claims that, to the extent her social security and rental income does not cover all her expenses, her son covers the difference. However, Debtor's Amended Schedules I and/or J do not reveal this fact. Until Schedules I and J correctly reveal this mathematical equation, her Plan cannot be confirmed.

### IV. RULING

For the reasons stated above, Perez's Motion to Dismiss this case is denied without prejudice. Moreover, Debtor's Plan will be denied confirmation by the Court but her case will not be dismissed at this time. Debtor will be given one last opportunity to confirm a

---

[39] DE 398 filed May 28, 2021.
[40] DE 398 filed May 28, 2021.
[41] DE 403, page 2, ¶ A and page 9, ¶ H.

chapter 13 plan. If her Plan (or any amended plan filed hereafter) is not confirmed by October 31, 2021, this Court will sign a form of dismissal order lodged by Perez or the Trustee after such date.[42]

**IT IS ORDERED**

**DATED AND SIGNED ABOVE**.

Copy of the foregoing mailed to:

Helena Perez Reilly
3437 Litzler Dr.
Flagstaff, AZ 86005

Ross M. Mumme
Edward J. Maney, Chapter 13 Trustee
101 N. First Ave.
Suite 1775
Phoenix, AZ 85003

David Allegrucci
Allegrucci Law Office, PLLC
307 N. Miller Rd.
Buckeye, AZ 85326

---

[42] The Trustee's July 14, 2021 evaluation (DE 412) of Debtor's Plan notes three deficiencies: (1) Debtor has not produced her 2020 State and Federal tax returns to the Trustee; (2) Debtor is delinquent on Plan payments; and (3) Perez's Plan objection had not been resolved. Debtor's response (DE 413) notes that her tax filings are on extension until October 2021 and that she is, in fact, current on her Plan payments but the Trustee has not accounted for a recent payment. The Court accepts Debtor's responses as accurate so the Trustee's objections to the Plan are overruled.